UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

v.                                                  DECISON and ORDER
                                                    11-CR-6104FPG

PRESTON CLEMENTS,

                        Defendant.

---

This case was referred by text order of Judge Charles J. Siragusa, dated May 31, 2011 and entered on June 1, 2011, to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). Dkt. #9. Defendant filed motions to suppress tangible evidence seized from 166 Atkinson Street, Rochester, New York on February 23, 2011 and from his person that same night, on the ground that the police entry into Apartment 5 violated his Fourth Amendment rights, as well as to suppress statements purportedly made to law enforcement on February 23, 2011, on the grounds that such statements were (1) "the unauthorized by-product of the illegal entry and search of Apartment 5," (2) "the fruit of the poisonous tree" and (3) "not preceded by adequate [Miranda] warnings." Dkt. #13. Thereafter, a suppression hearing was conducted on October 17, 2011 (Dkt. #17) and continued on November 21, 2011. Dkt. #18. On November 30, 2012, Magistrate Judge Feldman filed a Report and Recommendation (Dkt. #35), rejecting Defendant's claims and recommending the denial of the motions to suppress tangible evidence and to suppress the statements. Defendant timely filed Objections to the Report and Recommendation on January 14, 2013, arguing that

"the Court should reject the Magistrate Judge's recommendation and suppress the physical evidence and preclude from use at trial the statements obtained from Mr. Clements." Dkt. #39.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. Upon *a de novo* review of the Report and Recommendation, and a review of the Objections and the transcripts of the suppression hearing (Dkt. ##19, 20), I find no basis to alter, modify or reject the Magistrate Judge's Report and Recommendation.

As the Magistrate Judge pointed out, Defendant lacked standing to challenge the entry into and search of Apartment 5 because, as "a guest of a guest," he did not have a legally cognizable expectation of privacy in the searched location. Based upon such finding, no analysis regarding the existence of exigent circumstances was necessary. Additionally, as the Magistrate Judge determined, there was no need to address the issues raised by Defendant regarding whether the statements were the by-product of an illegal entry and search or the fruit of the poisonous tree based upon the finding that Defendant's Fourth Amendment rights were not violated by the entry of the police into 166 Atkinson Street on February 23, 2011. Defendant has not objected to the Magistrate Judge's further finding that *Miranda* warnings were properly administered to Defendant at the Public Safety Building before any questioning about the events of that evening or his arrest. The proposed findings and the recommendation reflect a reasoned analysis of the facts and application of the relevant law.

Accordingly, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman. Dkt. #35. Defendant's motions to suppress tangible evidence and to suppress statements to law enforcement made on February 23, 2011 (Dkt. #13), are hereby denied in all respects.

IT IS SO ORDERED.

Dated: Rochester, New York
February 5, 2013

ENTER:

_____
FRANK P. GERACI, JR.
United States District Judge